IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR440** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **TABATHA VEASLEY,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion for release pending appeal (Filing No. 76). The Court has considered the government's response (Filing No. 77).

The Defendant, Tabatha Veasley, pleaded guilty to a one-count Indictment charging her with managing a place used for one or more purposes related to controlled substances, or aiding and abetting that crime, in violation of 18 U.S.C. §§ 856 and 2. On December 28, 2009, Ms. Veasley was sentenced to the low end of the sentencing guideline range at 27 months imprisonment. The applicable base offense level was 24 based on at least 5 but less than 20 grams cocaine base. The statutory maximum for the offense is 40 years, and the statutory minimum of 5 years did not apply because Ms. Veasley received the benefit of the safety valve. Ms. Veasley is on release pending self surrender. Ms. Veasley requests release pending appeal under 18 U.S.C. § 3143(b)(1), arguing that she is not likely to flee or pose a danger to the community and that the appeal is not for purposes of delay and raises a substantial question of law or is likely to result in reversal with respect to her argument that the "strict" application of the sentencing guidelines encompassing a 100:1 crack/powder cocaine ratio results in an unnecessarily long sentence.

The relevant portion of the Bail Reform Act, 18 U.S.C. § 1341, *et seq.*, sets out the presumption that a defendant must be detained pending appeal, unless a court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> > (I) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

At sentencing, the issue regarding the crack/powder cocaine ration was raised in the context of a motion for downward departure. The Court denied the motion, stating that she is aware the guidelines are advisory, that she can sentence outside the guidelines, and that she is required to consider all factors set out in 18 U.S.C. § 3553(a). The Court's denial of the motion is subject to review on appeal for abuse of discretion. *United States v. Davis,* 583 F.3d 1081, 1099 (8th Cir. 2009), *petition for cert. filed,* (U.S. Jan. 5, 2010) (No. 09-8480). The Court is not required to depart downward based on the crack/powder cocaine ratio, or even to consider the ratio, in determining a reasonable sentence and the § 3553(a) factors. *Id.*; *United States v. Saddler,* 538 F.3d 879, 891 (8th Cir.), *cert. denied,* 129 S. Ct. 770 (2008).

Additionally, § 3143 requires the Court to detain a defendant during the pendency of an appeal in a case in which the defendant has been found guilty of an offense for which the maximum sentence is ten years or more under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* 18 U.S.C. §§ 3142(f)(1)(C) & 3143(b)(2).

Given the issue in question, the language of the Bail Reform Act, and the applicable standard of review, Ms. Veasley has failed to show that the appeal raises a substantial question of law or fact likely to result in a reversal, a sentence that will not include a term of imprisonment, or a sentence that will be reduced to less than the time she will have served at the conclusion of her appeal.  Moreover, the charge to which Ms. Veasley pleaded guilty carries a statutory maximum term of 40 years imprisonment and therefore requires that she be detained pending her appeal.

IT IS ORDERED that the Defendant's motion for release pending appeal (Filing No. 76) is denied.

DATED this 9th day of February, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge